UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

AUDREY ALEXANDER,

                Plaintiff,

  -against-                                                **MEMORANDUM AND ORDER**

UNITED STATES POSTAL SERVICE;                17-CV-3457 (LDH) (CLP)
JAMES FARLEY,

                Defendants.
---------------------------------------------------------X

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Audrey Alexander, proceeding pro se, brings this action against Defendant United States Postal Service ("USPS") and its main New York City post office, the James A. Farley Post Office Building ("Farley post office"), seeking a refund of the postage she paid to mail a package to her daughter. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is dismissed for the reasons set forth below.

## BACKGROUND

      Plaintiff alleges that on April 14, 2017, she mailed a package to her daughter from the Farley post office "next day mail and marked perishable." Six days later, Plaintiff's daughter still had not received the package. Plaintiff spoke to a supervisor at the Farley post office, who informed her that she was entitled to a refund of the postage. Plaintiff was unable to receive the refund, however, because the mail clerk did not give her a receipt. Plaintiff seeks a refund of $24.00.

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, a plaintiff must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp*. 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Where jurisdiction is lacking, a court must dismiss the case. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff has not proffered a basis for this Court's jurisdiction. (*See* Compl. 3-4.) Having determined that the Federal Tort Claims Act ("FTCA") provides the only possible basis

for subject matter jurisdiction, the Court liberally construes the complaint as alleging a claim under the FTCA.[1]

Defendant USPS is an "independent establishment of the executive branch of the Government of the United States," and is therefore "part of the Government." *United States Postal Serv. v. Flamingo Indus.*, 540 U.S. 736, 744 (2004). Therefore, a suit against the USPS is a suit against the United States. *See Djordjevic v. Postmaster Gen., U.S. Postal Serv.*, 911 F. Supp. 72, 74 (E.D.N.Y. 1995) ("Plaintiff's action against the Postal Service is in fact an action against the United States."); *Wilber v. U.S. Postal Serv.*, No. 10-cv-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) ("An action against the USPS is an action against the United States.").  Through the enactment of the Federal Tort Claim Act ("FTCA"), Congress provided a waiver of sovereign immunity in certain cases. *Wilber*, 2010 WL 3036754 at *1.  However, the FTCA expressly provided that no waiver was granted with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).  Thus, sovereign immunity is retained "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Kuhner v. Montauk Post Off.*, No. 12-cv-2318, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006)).  Because Plaintiff's claim sounds in tort for the USPS's negligent failure to deliver her package, this Court finds that it is barred by the doctrine of sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's tort claim.  Having found

---

[1] The Court further finds that the complaint does not allege a breach of contract because there is no indication that Plaintiff has exhausted her administrative remedies under the postal regulations, as promulgated in the Domestic Mail Manual.  *See McBride v. U.S. Postal Serv.*, No. 07-CV-0446, 2007 WL 1965337, at * 2 (E.D.N.Y. June 29, 2007) ("In order for the USPS to be liable under a contract theory, however, a party seeking to recover for the loss of mail must exhaust all 'administrative remedies available under the postal regulations' before commencing her action in district court."); *Djordjevic v. United States Postal Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995); *see also* Domestic Mail Manual § 609, incorporated by reference in the Code of Federal Regulations, 39 C.F.R. § 111.1 (postal regulations outlining administrative claims process for lost mail).

no other plausible basis for recovery, the Court concludes that the complaint must be dismissed.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d at 503; *see also* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 /s/LDH
LaSHANN DeARCY HALL
United States District Judge

DATED: Brooklyn, New York
October 11, 2017

4